**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN R. SEEGER,<br>          Appellant, | DOCKET NUMBER<br>AT-0831-16-0312-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>          Agency. | DATE: July 22, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John R. Seeger, Theodore, Alabama, pro se.

Kristopher L. Rogers, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address and deny the appellant's request for sanctions, raised in the first instance on review, we AFFIRM the initial decision.

## BACKGROUND

The appellant filed a Board appeal alleging that, in December 2015, the Office of Personnel Management (OPM) erroneously increased the share of his Civil Service Retirement System (CSRS) retirement annuity awarded to his former spouse pursuant to a court order, and decreased his apportioned share by a corresponding amount. Initial Appeal File (IAF), Tab 1 at 2, Tab 10 at 2‑4. The administrative judge issued an order to show cause, which informed the appellant that the Board's jurisdiction over appeals of retirement matters does not vest until OPM has issued a final decision, and ordered the appellant to submit evidence that OPM issued a final decision on his claim. IAF, Tab 7.

In response, the appellant submitted argument regarding the apportionment of his retirement annuity, and contended that OPM's reduction of his apportioned share of the annuity for the prior 3 months reflected that OPM had made its final decision. IAF, Tab 10 at 2‑3. OPM moved to dismiss the appeal for lack of jurisdiction, asserting that it had not issued a final decision on the appellant's claim. IAF, Tab 9 at 4.

¶4          The administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing.  IAF, Tab 11, Initial Decision (ID); IAF, Tab 3 at 2.  The appellant has filed a petition for review of the initial decision, and OPM has responded in opposition to the petition for review. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5          The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of proving jurisdiction over his appeal.  *Reid v. Office of Personnel Management*, 120 M.S.P.R. 83, ¶ 6 (2013); 5 C.F.R. § 1201.56(b)(2)(i)(a).  The Board generally lacks jurisdiction to hear an appeal of a retirement matter before OPM has issued a final decision on the matter.  *See Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010); *Fagone v. Office of Personnel Management*, 85 M.S.P.R. 49, ¶ 9 (2000).  However, the Board has recognized an exception to that general rule, and may take jurisdiction over a retirement appeal absent an OPM final decision if the appellant has made "repeated requests" for such a decision and the evidence indicates that OPM does not intend to issue a final decision.  *Fagone*, 85 M.S.P.R. 49, ¶ 9.

¶6          Here, the administrative judge correctly found that the Board lacked jurisdiction over the appellant's claim regarding the alleged change to the apportionment of his retirement annuity because the appellant failed to provide evidence that OPM had issued a final decision on the matter, and OPM asserted that it had not issued such a final decision.  ID at 2.  On review, the appellant reiterates his argument, raised below, that OPM's action in reducing his apportionment of the annuity and increasing his former spouse's apportionment demonstrates that OPM made a final decision on the issue.  PFR File, Tab 1 at 1-2; IAF, Tab 10 at 3.  We agree with the administrative judge that OPM's

actions do not constitute a final decision. ID at 2. A final decision is one that OPM issues after a request for reconsideration of an initial decision, or a decision that OPM designates as final. 5 C.F.R. § 831.109(f). Such a decision must be in writing, and contain notice of the right to appeal the decision to the Board. *Id*.; *see* 5 C.F.R. § 831.110. The administrative judge correctly found that OPM's alleged change to the apportionment of the annuity did not satisfy the criteria for an appealable final decision. ID at 2.

¶7    The administrative judge further found that there was no basis to conclude that OPM did not intend to issue a final, appealable decision regarding the appellant's claim.[2] *Id*. We agree. On review, the appellant contends that approximately a month before the initial decision in his Board appeal was issued, he left a detailed telephone message with OPM's Court Ordered Benefits Branch regarding the change to the apportionment of his annuity and that he never received a response from OPM. PFR File, Tab 1 at 1. However, in OPM's March 10, 2016 pleading moving to dismiss the appeal for lack of jurisdiction, OPM represented that it would treat the appellant's Board appeal as a request for a final decision and that it intended to issue a final decision on his claim. PFR File, Tab 9 at 4. Under these circumstances, the administrative judge correctly dismissed the appeal for lack of jurisdiction. ID at 2; *see McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994)

---

[2] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643–44 (Fed. Cir. 1985). Prior to issuing the initial decision, the administrative judge did not notify the appellant that he could establish jurisdiction over an appeal of a retirement matter if the evidence indicated that OPM did not intend to issue a final decision despite repeated requests. IAF, Tab 7; *see Fagone*, 85 M.S.P.R. 49, ¶ 9. However, the initial decision provided the requisite notice, affording the appellant an opportunity to meet his burden on review. ID at 2; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking, or if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review).

(Table) (finding that a 16–month delay by OPM in processing a retirement matter did not amount to a constructive denial of a final decision when OPM indicated that it intended to issue a final decision).

¶8       For the first time on review, the appellant requests that the Board exclude OPM's representative from further proceedings for "contumacious conduct prejudicial to the administration of justice" based on:  (1) the representative's failure to submit the agency file, as required by the administrative judge's acknowledgment order;  and (2) the representative's failure to mail OPM's March 10, 2016 pleading moving to dismiss the appeal until 13 days after the date indicated on the certificate of service.  PFR File, Tab 1 at 2; IAF, Tab 2 at 6, Tab 5, Tab 9 at 5;  *see*  5 C.F.R. § 1201.43(d) (providing that an administrative judge may exclude or limit the participation of a representative or other person in a case for contumacious conduct or conduct prejudicial to the administration of justice).  We will not consider the appellant's argument that sanctions are warranted based on OPM's failure to produce the agency file because the appellant was aware of this issue prior to the issuance of the initial decision, and failed to move for sanctions below.[3]  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  Even if we were to consider this argument, however, we find that, under the circumstances at issue here, sanctions are not warranted in the interest of justice based on either of the appellant's allegations of improper conduct by OPM's representative.  *See Hay v. U.S. Postal Service*, 106 M.S.P.R. 151, ¶ 10 (2007) (finding that a party is not entitled to sanctions for the untimely filing of a submission absent a showing of

---

[3] If, as the appellant contends, OPM did not mail him its March 10, 2016 pleading until March 24, 2016, he would not have been aware of this issue prior to the issuance of the initial decision.  ID at 1; PFR File, Tab 1 at 2.

prejudice); 5 C.F.R. § 1201.43 (providing that an administrative judge may impose sanctions upon the parties as necessary to serve the ends of justice). Accordingly, we modify the initial decision to deny the appellant's request for sanctions.

¶9        Finally, with his petition for review, the appellant has submitted documents that were not contained in the record below, including: (1) statements from OPM reflecting his annuity payments for January and February 2016; (2) an email from OPM, dated February 16, 2016, instructing the appellant to contact OPM's Court Ordered Benefits Branch regarding the apportionment of his annuity; and (3) printouts of bank transactions reflecting OPM's payments to the appellant in December 2015 and January and February 2016. PFR File, Tab 1 at 5‑10. The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009); 5 C.F.R. § 1201.115(d). The appellant has not demonstrated that the evidence at issue was unavailable before the record closed below and, even if it were, he has failed to demonstrate that it would establish Board jurisdiction over his appeal. Consequently, the evidence is not material to the outcome of his case, and we will not consider it. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                    The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.