NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3285

JOSEPH P. CARSON,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

Jospeh P. Carson, of Knoxville, Tennessee, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3285

JOSEPH P. CARSON,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

Petition for review of the Merit Systems Protection Board in consolidated cases AT-1221-96-0948-C-7, AT-1221-98-0250-C-7, and AT-1221-98-0623-C-7.

_____

DECIDED:  October 9, 2009

_____

Before MAYER, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Joseph P. Carson appeals a final decision of the Merit Systems Protection Board dismissing both his petition for enforcement and his individual right of action ("IRA") appeal as barred by <u>res judicata</u>.  <u>See</u> <u>Carson v. Dep't of Energy</u>, Nos. AT-1221-98-0250-C-7, AT-1221-96-0948-C-7, AT-1221-98-0623-C-7 (M.S.P.B. Nov. 21, 2007).  We <u>affirm</u>.

The doctrine of <u>res judicata</u> serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).  The

doctrine is applied when: (1) a prior decision was rendered by a forum with competent jurisdiction, (2) the prior decision was a final decision on the merits, and (3) the same cause of action and the same parties were involved in both cases. Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005) ("2005 Carson Decision"). Since all three criteria are satisfied here, the board correctly determined that Carson's appeal is barred by res judicata.

The long history of Carson's many claims against the agency is summarized in our 2005 Carson Decision and need not be repeated here. See 398 F.3d at 1371-75. The central thrust of his present claim is that the agency failed to comply with the board's order in Carson v. Dep't of Energy, 85 M.S.P.R. 171 (2000) ("Reassignment Order"), which required the agency to: (1) cancel Carson's reassignment, (2) restore him to the full range of duties and responsibilities of his previous position, and (3) comply with its order within twenty days. The agency complied with this order by cancelling Carson's reassignment and restoring the full range of his previous job responsibilities. Carson contends, however, that the agency, in retaliation for his protected whistle-blowing activities, failed to act within twenty days of the board's order.

Carson's claims of retaliatory animus related to the agency's alleged failure to comply with the board's Reassignment Order were, or should have been, raised in his prior appeals. In his 2005 appeal to this court, Carson asserted that the agency violated the Reassignment Order by failing to consider his application for two GS-14 positions at the agency's Oak Ridge facility. See 2005 Carson Decision, 398 F.3d at 1375. We concluded, however, that his claims were barred by res judicata since the board, in Carson v. Dep't of Energy, 88 M.S.P.R. 260 (2001), had conclusively determined that

the agency had fully complied with the <u>Reassignment Order</u>. We explained that "the Board's unappealed Final Order . . . [holding] . . . that the Agency had complied with the full scope of relief accorded Carson in his original IRA appeal . . . precludes all claims of non-compliance that could have been raised in his original enforcement action." <u>Id</u>. at 1376.

A similar analysis applies here. Because Carson has already litigated the issue of the agency's compliance with the <u>Reassignment Order</u>, he is barred from now asserting that the agency's failure to act within the prescribed twenty-day period constituted a violation of that order. <u>Res</u> <u>judicata</u> serves to bar claims that were not, but should have been, advanced in an earlier proceeding:

> The preclusive effects of former adjudication are . . . referred to collectively by most commentators as the doctrine of "res judicata." Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect is also referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

<u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 77 n.1 (1984) (internal citations omitted).

Contrary to Carson's assertions, a "different agency party" was not involved in his prior claims. The Department of Energy was the respondent in his prior appeals.

We have considered Carson's remaining arguments as to why the doctrine of <u>res</u> <u>judicata</u> should not apply to his present appeal, but find them unpersuasive.