# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEITH E. BROWN,
              Appellant,

         v.

DEPARTMENT OF DEFENSE,
              Agency.

DOCKET NUMBER
SF-0752-13-0336-C-2

DATE: December 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Keith E. Brown, Stockton, California, pro se.

Christine J. Kim, Esquire, Stockton, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The following facts, as set forth in the compliance initial decision, are undisputed. The agency indefinitely suspended the appellant from his Police Officer position, the administrative judge reversed the indefinite suspension, and the Board affirmed the administrative judge's decision. Compliance File (CF), Tab 5, Compliance Initial Decision (CID) at 1-2. The Board ordered the agency to cancel the suspension, retroactively restore him effective April 1, 2013, and pay him the correct amount of back pay and benefits. CID at 2. The appellant filed a petition for enforcement, which the administrative judge denied, and the Board affirmed the administrative judge's decision. *Id.* Among other things, the Board found that the agency paid him the correct amount of back pay, he was properly placed on administrative leave following reversal of the indefinite suspension, and he was not entitled to overtime or night differential pay during this period or any additional pay or differentials for the period before the indefinite suspension. CID at 2-3.

¶3    The appellant filed a second petition for enforcement alleging that the agency withheld investigative files and owed him additional back pay covering

the period before the indefinite suspension and for the period of administrative leave following reversal of the indefinite suspension. CID at 2. In the compliance initial decision, the administrative judge concluded that the appellant was barred by res judicata from raising any issues that were or could have been raised in the first petition for enforcement proceeding. CID at 2-3. The administrative judge noted that the only new issue raised by the appellant was the allegation involving withheld investigative files; he found, however, that this allegation was without merit because the Board did not order the agency to provide these files, the appellant had obtained the files, and the existence or content of the files did not impact the calculation of back pay or other requested relief. CID at 3-4. In light of the administrative judge's decision, he did not address whether the appellant's petition for enforcement was timely filed. CID at 4.

¶4    The appellant has filed a request to reopen this matter, which the Office of the Clerk of the Board construed as a petition for review of the second compliance initial decision. Compliance Petition For Review (CPFR) File, Tabs 1-2. The agency has not filed a response. The appellant also has filed a motion to waive the time limit for his petition for review. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    On petition for review, the appellant asserts that he obtained new evidence, in the form of a declaration made under penalty of perjury from the deciding official in the underlying indefinite suspension action, which shows the agency's intent to disregard the Board's order. CPFR File, Tab 1 at 2; *see id.* at 7 (explaining that the appellant "was not issued a [Common Access Card] as the agency had no plans to bring him back to work after reinstatement"). The appellant contends that by placing him on administrative leave from June 27, 2013, through February 4, 2014, the agency "withheld the correct back pay, shift differential, overtime, premium pay, and holiday pay." *Id.* at 3.

¶6      Even if we assume for the purposes of our analysis that this declaration constitutes "new" evidence, the Board will not generally grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). We agree with the administrative judge that the issues regarding back pay, shift differential, overtime pay, premium pay, and holiday pay were precluded by res judicata. CID at 2-3. Importantly, these issues were or could have been raised in the first petition for enforcement proceeding, the decision on that petition for enforcement was rendered by the Board, which is a forum with competent jurisdiction, the prior decision was a final judgment on the merits, and the same cause of action and the same parties were involved in both cases. *Senyszyn v. Department of the Treasury*, 113 M.S.P.R. 453, ¶ 9 (2013) (citing *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 24 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009)). The appellant does not appear to challenge the administrative judge's analysis regarding the investigative files, and we discern no error with his decision in this regard.

¶7      In light of our disposition, we need not resolve whether the appellant's petition for review was timely filed.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.