**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANDREW D. FARIS,
          Appellant,

     v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
CH-0752-20-0205-I-1

DATE: April 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew D. Faris</u>, Indianapolis, Indiana, pro se.

<u>Alison D. Alvarez</u>, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an agency action removing him for violating a last chance agreement (LCA) for lack of jurisdiction.[2] On petition for review, the appellant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] As the agency observed below, it appears that the appellant prematurely filed his Board appeal. *See* Initial Appeal File (IAF), Tab 8 at 15 n.1. The removal decision is dated February 3, 2020, with an effective date of February 14, 2020. *Id.* at 67-69. The appellant electronically filed his Board appeal on February 1, 2020, prior to the February 14, 2020 effective date, and therefore his Board appeal was prematurely filed

argues that the LCA is a one-sided unconscionable contract, that he was denied due process by the agency's removal decision, and that his supervisors removed him in retaliation for his union activity. Petition for Review (PFR) File, Tab 1 at 4. The appellant also challenges the merits of the agency's November 20, 2019 absence without leave (AWOL) determination.[3] *Id.* Finally, the appellant asserts that his last day worked was January 3, 2020, not February 3, 2020, and he provides copies of a number of earnings statements for the period from March 2019 through September 2019, along with a copy of a 14-day suspension dated February 27, 2019. *Id.* at 4-36. However, the appellant has not challenged the administrative judge's findings that the Board lacks jurisdiction over this appeal because the appellant waived his Board appeal rights in the LCA, and that waiver of appeal rights was valid and enforceable. *See* Initial Appeal File, Tab 9, Initial Decision (ID) at 8. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

by 13 days. *See* Initial Appeal File (IAF), Tab 1. Nevertheless, "[t]he Board's practice is to adjudicate an appeal that was premature when filed but becomes timely while pending before the Board." *Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 9 (2004). Accordingly, any error by the administrative judge in failing to dismiss the appeal was harmless because the appeal had become ripe for adjudication upon the effective date of the removal, 13 days after the appeal was filed, and while the appeal remained pending before the Board. *See Gutierrez v. Department of the Treasury*, 99 M.S.P.R. 141, ¶ 3 n.1 (2005) (concluding that a premature probationary termination appeal became timely upon the effective date of the termination); *Groshans v. Department of the Navy*, 67 M.S.P.R. 629, 632-33 n.2 (1995) (determining that a premature removal appeal became ripe for adjudication upon the effective date of the removal).

[3] As the agency notes in its response, the initial decision refers to 3.41 hours of AWOL, instead of the 3.51 hours identified in the removal decision letter, which appears to be a typographical error. PFR File, Tab 3 at 7 n.1; IAF, Tab 9, Initial Decision at 3, 6. This typographical error is inadvertent, and this misstatement was harmless and did not affect the outcome of the decision in any way. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversal of an initial decision).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

Regarding the appellant's argument, raised for the first time on review, that the LCA was unconscionable and one-sided, as the administrative judge noted below, the appellant received consideration from the agency in the form of the opportunity to remedy his attendance issues and retain his position in lieu of removal. ID at 7; *see Tetrault v. U.S. Postal Service*, 71 M.S.P.R. 376, 380 (1996) (noting that consideration for an appellant's waiver of his appeal rights can include an agency's agreement to reduce a removal to a suspension, or its holding of a removal in abeyance for a period of time); *Romano v. U.S. Postal Service*, 49 M.S.P.R. 319, 322 (1991) (finding valid consideration for waiver of the appellant's Board appeal right in the agency's agreement to reduce the earlier removal action to a suspension).

With respect to the earnings statements for the period from March 2019 through September 2019 and the copy of a 14-day suspension dated February 27, 2019 that the appellant submitted with his petition for review, the Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d); *see* PFR File, Tab 1

at 4-36. All of the submitted documents predate the appellant's February 1, 2020 appeal and thus are not new. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material); *Avansino*, 3 M.S.P.R. at 214. The appellant also has not explained how the submitted documents are material to the jurisdictional matter at issue in this appeal, so we have not considered them. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

Regarding the appellant's arguments that he was denied due process and that agency officials retaliated against him based on his union activity, because the Board lacks jurisdiction over the appellant's appeal of his removal due to the valid waiver of appeal rights in the LCA, it has no authority to consider the merits of any potential affirmative defenses raised by the appellant, such as his due process and retaliation claims. *See Martin v. Department of Defense*, 70 M.S.P.R. 653, 657 (1996); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

Finally, the appellant contends that he was sick on the day he was charged with AWOL and alleges that, although he provided a doctor's note, it was denied by his supervisor and he was charged with AWOL instead of being marked tardy. PFR File, Tab 1 at 4. The appellant did not raise this argument below and thus we need not consider it. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (noting that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (same); 5 C.F.R. § 1201.115(d). Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.