# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOEL JENNINGS WARNE, | DOCKET NUMBER |
| Appellant, | SF-1221-23-0305-W-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: November 22, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joel Jennings Warne, Galveston, Texas, pro se.

Joel Lincoln Bouve, Corpus Christi, Texas, for the agency.

Henry Karp, Washington Navy Yard, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed. On

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, the appellant argues the merits of his appeal. He also argues that the administrative judge erred in not crediting his allegations regarding his delayed ability to access the Office of Special Counsel (OSC)'s email attaching its close-out letter and in finding that equitable tolling was not warranted in his case. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the

petition for review[2] and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

---

[2] With his petition for review, the appellant submits documents associated with his equal employment opportunity (EEO) case, a document pertaining to iCloud email and e-Appeal errors, several emails, and two declarations under penalty of perjury.  Petition for Review (PFR) File, Tab 2 at 34-69.  The Board generally will not consider evidence submitted for the first time on review absent a showing that:  (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision.  *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009); 5 C.F.R. § 1201.115(d).  Most of the documents are dated after the close of the record below, and thus, they may constitute "new evidence."  However, they are not material to the appeal because they do not address the timeliness issue and therefore fail to demonstrate that the administrative judge erred in dismissing the appeal as untimely filed.  With respect to the documents purportedly related to the timeliness issue, they do not provide a basis to disturb the initial decision.  The appellant's declaration regarding the inconsistencies in his prior statements is based, for the most part, on information that was readily available prior to the close of the record below, which the administrative judge considered but correctly concluded did not change the fact that the appellant received the OSC close-out letter at his Proton email address on the same date it was issued, February 7, 2023.  In addition, the appellant's screenshot of an application error associated with e-Appeal does not pertain to an error during the filing period for this appeal, and the appellant's screenshots of his iCloud issues are immaterial because he used his Proton email account in his communications with OSC.  With respect to any documents predating the close of the record, the appellant has not asserted that they were unavailable despite his due diligence when the record closed.

The appellant also submits multiple motions for leave to file an additional pleading.  PFR File, Tabs 4, 8, 10.  In his July 2, 2023 motion, the appellant indicates that he wishes to submit evidence showing that, from June 29, 2023, to July 2, 2023, he has been experiencing issues sending emails using iCloud.  PFR File, Tab 4 at 5.  In his December 30, 2023, and December 31, 2023 motions, the appellant asserts that he wishes to submit documents associated with his EEO case, including a December 18, 2023 Letter of Return for Second Supplemental Investigation and three declarations of agency officials, and information that would implicate agency officials in a potentially criminal conspiracy to extort him out of his claims.  PFR File, Tab 8 at 5, Tab 10 at 4.  In a January 9, 2024 pleading revising his December 31, 2023 motion, the appellant

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

raises assertions that go to the merits of his appeal. PFR File, Tab 12 at 8. Once the record closes on review, no additional evidence or argument will be accepted unless it is new and material and was not readily available before the record closed. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 4 n.4; 5 C.F.R. § 1201.114(k) (2023). As to his first motion, the evidence he seeks leave to file postdates the filing period for his IRA appeal and he has failed to explain how it would warrant an outcome different from the initial decision. As to his other motions, his arguments and evidence pertain to the merits of his IRA appeal and are not material to the dispositive timeliness issue. Accordingly, we deny the appellant's motions.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.