# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TYRONE AULL,
    Appellant,

     v.

DEPARTMENT OF VETERANS
 AFFAIRS,
    Agency.

DOCKET NUMBER
NY-752S-17-0223-I-1

DATE: July 6, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tyrone Aull</u>, Queens, New York, pro se.

<u>Timothy M. O'Boyle</u>, Esquire, Hampton, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging a 3-day suspension and a letter of reprimand for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). However, we FORWARD the appellant's Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335) claim to the New York Field Office for docketing as a new appeal.

## BACKGROUND

¶2 The appellant is employed as a GS-13 Supervisory General Engineer with the agency. Initial Appeal File (IAF), Tab 4 at 3. He was issued a letter of reprimand for one charge of failure to properly perform supervisory duties/failure to follow instructions on March 2, 2016, and a 3-day suspension for disrespectful conduct towards a supervisor, failure to follow proper leave procedures, and deliberate refusal to carry out an order on December 14, 2016. IAF, Tab 1 at 10-14. The appellant subsequently filed the instant appeal challenging both actions on September 11, 2017. *Id.* at 3, 5.

¶3 The administrative judge issued a show cause order instructing the appellant to submit evidence or argument demonstrating that he suffered an appealable adverse action under 5 U.S.C. § 7512 within 10 days, after which time the record on the issue of jurisdiction would close. IAF, Tab 3. In response, the appellant

only submitted two copies of a Standard Form 50 documenting his 3-day suspension. IAF, Tab 4. Subsequently, the administrative judge issued an initial decision without holding the appellant's requested hearing, dismissing the appeal for lack of Board jurisdiction. IAF, Tab 6, Initial Decision (ID) at 2.[2]

¶4 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the Board lacks jurisdiction over the appellant's challenge to his letter of reprimand and 3-day suspension.</u>

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by statute or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *see* 5 U.S.C. §§ 7512-7513; 5 C.F.R. § 1201.3. The appellant bears the burden of proving jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). If the appellant makes a nonfrivolous allegation that the matter is within the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006). An employee may appeal an adverse action under 5 U.S.C. § 7512 to the Board under 5 U.S.C. § 7513(d). Section 7512 defines an adverse action as: (1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; or (5) a furlough of 30 days or less.

¶6 On review, the appellant argues that he has been unfairly targeted and discriminated against by his supervisor but does not otherwise address the administrative judge's determination that he did not allege that he suffered an appealable adverse action. PFR File, Tab 1 at 12-14. The appellant also submits

---

[2] Because the administrative judge dismissed the appeal for lack of jurisdiction, he did not make a finding regarding the timeliness of the appeal. ID at 3 n.2. Because we ultimately agree with the administrative judge's determination, we also make no findings regarding the timeliness of the appeal.

what appears to be a copy of a complaint he filed with the agency's Equal Employment Opportunity (EEO) office. *Id.* at 9-11, 15-217. As the administrative judge correctly noted, because the appellant had no statutory or regulatory right to appeal the letter of reprimand or the 3-day suspension to the Board, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction without addressing the appellant's discrimination allegations.[3] *See* 5 U.S.C. § 7512; 5 C.F.R. § 1201.3(a)(1).

The appellant's USERRA claim is forwarded for docketing as a new appeal.

¶7    In the narrative portion of his petition for review, the appellant claims that he was harassed and denied military leave. PFR File, Tab 1 at 14. Additionally, he submits a document that appears to be his written response to the proposed 3-day suspension at issue in this appeal. *Id.* at 5-8. In the section of the response addressing the charge of failure to follow proper leave procedures, the appellant states his belief that he was singled out for requesting military leave and states his belief that the denial of his military leave request constituted a violation of USERRA. *Id.* at 6.

¶8    An employer is considered to have violated USERRA if a person's "obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership . . . or obligation for service." *Johnson*

---

[3] Regarding the appellant's February 2016 EEO complaint, submitted for the first time on review, the Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d); *see* PFR File, Tab 1 at 9-217. All of the submitted documents predate the appellant's September 11, 2017 appeal and thus are not new. *See Avansino*, 3 M.S.P.R. at 214. The appellant also has not explained how the submitted documents are material. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

*v. U.S. Postal Service*, 85 M.S.P.R. 1, ¶ 9 (1999); *see* 38 U.S.C. § 4311(c)(1). Additionally, the Board has held that USERRA claims are broadly and liberally construed, are not subject to a statute of limitations, and may be raised in the first instance in a petition for review. *See Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 10 n.6 (2009); 5 C.F.R. § 1208.12. Therefore, we find that the appellant has raised a cognizable USERRA claim and forward the claim to the field office for docketing as a new appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

                                                         Jennifer Everling
                                                         Acting Clerk of the Board
Washington, D.C.