# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PAULA K. LUA, | DOCKET NUMBER |
| Appellant, | SF-844E-04-0093-C-2 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: June 18, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paula K. Lua, Los Angeles, California, pro se.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied her second petition for enforcement because it was barred by res judicata. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

In July 2004, the administrative judge reversed the final decision of the Office of Personnel Management (OPM) denying the appellant's application for disability retirement under the Federal Employees' Retirement System (FERS) and ordered OPM to approve her application retroactive to her last day in pay status and provide the appropriate retroactive annuity payment. *Lua v. Office of Personnel Management*, MSPB Docket No. SF-844E-04-0093-I-1, Initial Decision (Jul. 16, 2004). The initial decision became the Board's final decision on August 20, 2004.

The appellant filed her first petition for enforcement in September 2004, alleging that OPM had failed to pay her any disability retirement benefits since approving her application pursuant to the Board's decision. *Lua v. Office of Personnel Management*, MSPB Docket No. SF-844E-04-0093-C-1, Compliance File (CF-1), Tab 1. During the pendency of the compliance action, the agency calculated the payments owed to the appellant retroactive to her last day in pay status. CF-1, Tab 18. However, the appellant argued that the agency had

miscalculated her annuity based on a lower salary. CF-1, Tabs 21, 23, 28. The administrative judge subsequently issued an order confirming that the only remaining compliance issues concerned the withheld Federal taxes and life insurance premiums, CF-1, Tab 33, and the appellant did not challenge this order. The administrative judge issued a compliance initial decision, recommending that the Board find that the agency was not in compliance as to both remaining issues. CF-1, Tab 41 at 2, 7-11. The Board subsequently issued two precedential decisions ultimately finding the agency in compliance with the Board's 2004 final decision. *Lua v. Office of Personnel Management*, 102 M.S.P.R. 108, ¶¶ 1, 8-15 (2006); *Lua v. Office of Personnel Management*, 100 M.S.P.R. 431, ¶ 8 (2005).

In her second petition for enforcement, the appellant argued that OPM had incorrectly calculated her initial high-3 salary in computing her disability retirement annuity and had failed to pay her the required retroactive benefits. *Lua v. Office of Personnel Management*, MSPB Docket No. SF-844E-04-0093-C-2, Second Compliance File (CF-2), Tab 1 at 4-6. The administrative judge issued an acknowledgment order instructing OPM to file proof of its compliance with the Board's August 2004 final decision. CF-2, Tab 2. OPM moved to dismiss the petition for enforcement as barred by res judicata and collateral estoppel, but did not address the appellant's allegations of noncompliance. CF-2, Tab 4 at 4-6. The administrative judge thereafter issued an order informing the appellant that it appeared that she was attempting to appeal a claim that had already been adjudicated, and instructing her to file evidence and argument to show good cause why her appeal should not be dismissed on the grounds of res judicata, collateral estoppel, or adjudicatory efficiency. CF-2, Tab 5 at 1-4.

In response, the appellant argued that the agency was in contempt of the acknowledgment order because it had not submitted the "name(s) and address(es) of the person(s) responsible for the agency's decision even if the agency believe[d] it [wa]s in full compliance." CF-2, Tab 2 at 1-2, Tab 6 at 4. She asserted that the "matter of the high 3 annual salary and errors lodged in the

FERS calculation was not at issue" in her first compliance matter. CF-2, Tab 6 at 4. The appellant repeated her argument that the agency had not paid her the correct amount of retroactive annuity as required by the Board's 2004 final decision. *Id*. at 5. Finally, she asserted that the agency did not issue a final decision regarding her challenges to the errors in her FERS benefits until September 2017, during the pendency of her appeal in *Lua v. Office of Personnel Management*, MSPB Docket No. SF-0842-17-0681-I-1.[2] *Id.* The appellant subsequently filed a motion for the administrative judge to "recuse herself for more than an appearance of bias," alleging that she could not receive a fair and impartial hearing from the administrative judge. CF-2, Tab 7 at 4.

The administrative judge issued an initial decision denying the appellant's second petition for enforcement. CF-2, Tab 8, Compliance Initial Decision (CID) at 1, 6. She found that, although the appellant may not have raised the arguments regarding the outstanding balance of her retroactive annuity payment in her first compliance case, she could have done so; thus, the second compliance petition was barred under the doctrine of res judicata. CID at 5-6. The administrative judge stated in a footnote that she had previously found in the 0681 matter that the appellant was precluded from raising the issue of her initial high-3 average salary calculation on the grounds of collateral estoppel. CID at 3 n.3. Finally, she denied the appellant's motion to withdraw, finding that the motion contained "unsupported speculation" of bias and failed to establish grounds for disqualification. CID at 4-5. Because the administrative judge dismissed the appeal as barred by res judicata, she did not address the timeliness of the petition for enforcement. CID at 6.

---

[2] In the initial decision in the 0681 matter, the administrative judge affirmed OPM's September 18, 2017 final decision regarding the recomputation of the appellant's annuity when she turned 62 in 2014. The appellant thereafter filed a petition for review in the 0681 matter. The Board has issued a separate order that discusses the issues raised in that matter.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant repeats her arguments that the agency failed to provide evidence of its compliance with the Board's August 2004 final decision. *Id.*; CF-2, Tab 6 at 4. She asserts that her first petition for enforcement did not address either OPM's "errors and miscalculations" in her retirement annuity or its failure to provide her the required retroactive payment. PFR File, Tab 1 at 3-4. She also asserts that the Board did not have jurisdiction over her prior retirement appeals; thus, the administrative judge erred in dismissing her petition for enforcement on the grounds of res judicata and collateral estoppel. *Id.* She also expresses concern that the administrative judge was biased against her. *Id.* at 6.

<u>The administrative judge properly found that the appellant's claim regarding OPM's retroactive payment of her disability annuity was barred by res judicata.</u>

Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Inman v. Department of Veterans Affairs*, 115 M.S.P.R. 41, ¶ 13 (2010) (citing *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995)). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if (1) the prior judgment was rendered by a forum with competent jurisdiction, (2) the prior judgment was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Inman*, 115 M.S.P.R. 41, ¶ 13. It is well established that the Board may dismiss a petition for enforcement on the grounds of res judicata. *Senyszyn v. Department of the Treasury*, 113 M.S.P.R. 453, ¶¶ 9-12 (2010); *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶¶ 23-27 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir.

2009).  For the following reasons, we find that the administrative judge correctly dismissed the second petition for enforcement on the grounds of res judicata.

During the pendency of her first compliance appeal, OPM filed a notice of compliance that set forth, among other things, the retroactive disability payments that it had made to the appellant.  CF-1, Tab 18.  The administrative judge correctly found that the appellant could have raised a claim that the amount of the retroactive annuity paid to her was incorrect during her first compliance appeal.[3] CID at 5.  Moreover, the Board was a forum of competent jurisdiction to decide the issues in her first compliance appeal, 5 U.S.C. § 1204(a)(2); 5 C.F.R. § 1201.182, and the Board's precedential orders constituted a final decision on the merits.  Accordingly, the appellant may not relitigate this claim in this matter.

To the extent that the agency failed to provide evidence of its compliance with the Board's final decision by not identifying a responsible agency official, CF-2, Tab 2 at 1-2, any error made by the administrative judge in not ordering the agency to submit such evidence into the record is immaterial because the petition for enforcement was properly barred by res judicata, *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The administrative judge correctly concluded that the appellant's challenge to OPM's original disability retirement annuity computation was barred by collateral estoppel.

Collateral estoppel, or issue preclusion, is appropriate under the following circumstances: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the

_____

[3] Even if she did raise such a claim in the first compliance matter, a different outcome is not warranted.  Notably, the appellant did not challenge the administrative judge's statement that the only remaining compliance issues in that matter concerned withheld Federal taxes and life insurance premiums.  CF-1, Tab 33.  Moreover, the Board noted in its precedential decision that all issues apart from the appellant's challenge to OPM's withholding of Federal tax and life insurance premiums had been resolved during the pendency of the compliance matter.  *Lua*, 100 M.S.P.R. 431, ¶ 4.

issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).

The administrative judge correctly found that the appellant was precluded from raising the issue of OPM's original disability annuity on the grounds of collateral estoppel.[4]  CID at 3 n.3.  In 2015, the appellant filed an appeal challenging OPM's final decision letter concerning an overpayment based on her receipt of Social Security Administration Disability Insurance Benefits, in which she argued that OPM used an incorrect high-3 salary in its initial calculation of her annuity.  The administrative judge issued an initial decision finding that OPM's calculation of the appellant's high-3 salary (from the day after her last day in pay status) was permissible and advantageous to her, OPM established the existence and amount of the overpayment, and she was not entitled to a waiver. *Lua v. Office of Personnel Management*, MSPB Docket No. SF-0845-15-0244-I-1, Initial Decision (Apr. 22, 2015).  After the initial decision became final, the appellant appealed the decision to the U.S. Court of Appeals for the Federal Circuit, which affirmed the initial decision and rejected her arguments that she was entitled to a waiver of the overpayment and that OPM underpaid her from the beginning of her retirement. *Lua v. Office of Personnel Management*, 634 F. App'x 299 (Fed. Cir. 2015).  Indeed, the Federal Circuit held that OPM had properly calculated her highest average salary using her last day in pay status. *Id.* at 302.  Therefore, the appellant's current challenge to OPM's initial calculation of her disability annuity is barred by collateral estoppel because the issue is identical to that involved in the 0244 appeal, it was actually litigated in the 0244 appeal, the determination on the initial calculation was necessary to the resulting

---

[4] Because the administrative judge properly found that this issue was barred by collateral estoppel, we need not address whether it could also be barred on the grounds of res judicata.

judgment upholding the overpayment, and the appellant had a full and fair opportunity to litigate this issue in the 0244 appeal.

The appellant's arguments regarding her motion to recuse are without merit.

Finally, the appellant challenges the administrative judge's denial of her motion to recuse. PFR File, Tab 1 at 6; CID at 4-5; CF-2, Tab 7 at 4-5. On review, she asserts that the administrative judge "did not appear to be a disinterested tribunal" and reiterates her belief that the administrative judge was not "fair and impartial." PFR File, Tab 1 at 6. We find that the appellant's broad allegation of bias and statement that she "want[ed] the record to reflect her feelings," *id.*, are insufficient to rebut the presumption of the administrative judge's honesty and integrity. *See Smith v. U.S. Postal Service*, 81 M.S.P.R. 443, ¶¶ 4, 6 (1999) (holding that case-related rulings do not serve as a basis for recusal); *see also Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (observing that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.