## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAULA K. LUA,
               Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
SF-0842-17-0681-I-1

DATE: June 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paula K. Lua, Los Angeles, California, pro se.

Jane Bancroft, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) that recomputed her annuity under the Federal Employees' Retirement System (FERS) when she turned 62. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The Board has issued several orders regarding the appellant's disability retirement under FERS. For example, the administrative judge found that the appellant was entitled to disability retirement retroactive to her last day in pay status with the U.S. Postal Service, and this order became the Board's final decision on August 20, 2004. *Lua v. Office of Personnel Management*, MSPB Docket No. SF-844E-04-0093-I-1, Initial Decision (Jul. 16, 2004). The appellant filed an initial appeal challenging OPM's letter informing her of a reduction in her FERS disability annuity when she turned 62; the administrative judge dismissed the appeal for lack of jurisdiction because OPM had not issued a final decision in the matter, and the Board affirmed the initial decision. *Lua v. Office of Personnel Management*, MSPB Docket No. SF-0842-14-0650-I-1, Final Order (Sept. 15, 2014). The appellant filed a subsequent appeal challenging OPM's final decision letter concerning an overpayment based on her receipt of Social Security Administration Disability Insurance Benefits, OPM's initial calculation

of her annuity, and its age 62 recomputation. The administrative judge issued an initial decision finding that OPM established the existence and amount of the overpayment, OPM's calculation of the appellant's high-3 salary was permissible and advantageous to the appellant, and the appellant was not entitled to a waiver. *Lua v. Office of Personnel Management*, MSPB Docket No. SF-0845-15-0244-I-1, Initial Decision (Apr. 22, 2015). After the initial decision became final, the appellant appealed the decision to the U.S. Court of Appeals for the Federal Circuit, which affirmed the initial decision and rejected her arguments that she was entitled to a waiver of the overpayment and that OPM had underpaid her from the beginning of her retirement. *Lua v. Office of Personnel Management*, 634 F. App'x 299 (Fed. Cir. 2015).

In this matter, the appellant argued that OPM denied her due process by decreasing her annuity when she turned 62 before it issued a final decision. Initial Appeal File (IAF), Tab 1 at 4-5. The appellant also argued that she had lost her prior appeals due to OPM fraud, and that she did not raise an overpayment issue in the 0244 appeal. *Id*. In September 2017, during the pendency of this appeal, OPM issued a final decision regarding the age 62 recomputation. IAF, Tab 11 at 7-9. The appellant appeared to file a new appeal challenging OPM's final decision, but the filing was docketed as a submission in the present appeal. IAF, Tab 11, Tab 14 at 3.

During a status conference, the appellant reiterated that she was challenging OPM's initial and age 62 recomputation calculations as well as the Social Security overpayment. IAF, Tab 14 at 3. The administrative judge informed the appellant that it appeared that her overpayment and initial annuity challenges were barred by res judicata and collateral estoppel, and that the only issue the Board had authority to review was OPM's age 62 recomputation. *Id*. at 3-5. The administrative judge issued an order to show cause and instructed the parties to brief these issues. *Id*. at 4-5. The appellant argued that (1) her claims should not be barred by res judicata or collateral estoppel because she had not

intended her prior appeals to address the overpayment issue and (2) the agency's evidence and argument about the overpayment constituted fraud. IAF, Tab 18 at 4-7, Tab 19 at 4-5, Tab 21 at 4-5. The agency provided documentation regarding its final decision on the age 62 recomputation. IAF, Tab 17 at 6-24.

The administrative judge issued an order on jurisdiction, finding that the only issues properly before the Board were OPM's age 62 recomputation and the appellant's claim of violation of due process regarding the age 62 recomputation. IAF, Tab 24 at 7. The administrative judge found that the overpayment claim was barred by res judicata and the appellant was collaterally estopped from challenging the original disability annuity. *Id*. at 7-9.

Following a telephonic hearing, IAF, Tab 36, the administrative judge issued an initial decision affirming OPM's final decision regarding the age 62 recomputation, IAF, Tab 37, Initial Decision (ID) at 1, 5. The administrative judge found that the appellant had failed to show that OPM's age 62 recomputation was in error. ID at 3-4. Regarding the appellant's argument that she had been denied due process in the age 62 recomputation, the administrative judge found that the appellant had not identified any procedural requirement that OPM had failed to meet, particularly since the agency had advised her of the basis of the age 62 recomputation amount and provided her notice of her right to appeal the matter. ID at 5.

The appellant has filed a petition for review, the agency has filed a response opposing the petition, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly affirmed OPM's final decision on the age 62 recomputation.

On review, the appellant asserts that OPM's age 62 recomputation was in error and that the agency violated her due process rights when it reduced her

monthly payment due to the age 62 recomputation prior to the issuance of a final decision. PFR File, Tab 1 at 2-4. We are not persuaded by these arguments.

The appellant has the burden of proving by preponderant evidence that she is entitled to the benefit that she seeks. *Fox v. Office of Personnel Management*, 50 M.S.P.R. 602, 605 (1991); 5 C.F.R. § 1201.56(b)(2)(ii). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

For the reasons stated in the initial decision, OPM properly recomputed the appellant's annuity pursuant to 5 U.S.C. § 8452(b)(1), and calculated the new monthly annuity in accordance with 5 U.S.C. § 8415(a). ID at 3-4.

We have considered the appellant's contention that she was denied due process regarding the age 62 recomputation. PFR File, Tab 1 at 2-4. Benefits that are a matter of statutory entitlement for persons qualified to receive them may not be terminated without affording the recipient due process. *See Goldberg v. Kelly*, 397 U.S. 254, 262 (1970); *May v. Office of Personnel Management*, 38 M.S.P.R. 534, 538 (1988). The essence of due process is notice and an opportunity to respond. *May*, 38 M.S.P.R. at 539. OPM provided the appellant with notice of its decision, an opportunity to respond (to which the appellant availed herself), and a reconsideration decision that provided her with appeal rights. IAF, Tab 3 at 7, Tab 11 at 7-9. Further, the appellant has not identified any statutory, regulatory, or agency procedures with which OPM failed to comply. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1378 (Fed. Cir. 1999) (observing that, in addition to the right to due process, public employees are "entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure").

<u>The administrative judge properly found that the appellant's challenge to Social Security overpayment assessment was barred by res judicata.</u>

On review, the appellant repeats her assertion that she did not challenge the Social Security overpayment in her earlier appeal; OPM fraudulently introduced the issue, which meant that it was not properly before the Board in her prior appeal; and the administrative judge improperly applied res judicata to bar her claim. PFR File, Tab 1 at 1-4.

Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties based on the same cause of action. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 10 (2011); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior action was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties were involved in both cases. *Encarnado*, 116 M.S.P.R. 301, ¶ 10; *Peartree*, 66 M.S.P.R. at 337. We agree with the administrative judge that, in the continuation sheet on the initial appeal form in the 0244 appeal, the appellant specifically contested the accuracy of the overpayment and she submitted a copy of OPM's final decision on the overpayment into the record in that matter. IAF, Tab 24 at 7. The administrative judge properly found that the appellant's challenge to the overpayment issue was barred by res judicata because the appellant raised this claim in the 0244 appeal; the Board had jurisdiction over this claim; the Board issued a final decision on the merits, which was affirmed by the Federal Circuit; and the parties in the 0244 appeal were identical to the parties in the present appeal. *Id.* at 7-8.

<u>The administrative judge properly found that the appellant's challenge to OPM's original disability retirement annuity computation was barred by collateral estoppel.</u>

The appellant asserts on review that OPM failed to meet the requirements of collateral estoppel, PFR File, Tab 1 at 3, and implicitly challenges the administrative judge's finding that she was precluded from challenging the original disability annuity amount. We disagree.

Collateral estoppel, or issue preclusion, is appropriate under the following circumstances: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). We agree with the administrative judge that these criteria have been satisfied. Importantly, the appellant raised the calculation of her original disability annuity in the 0244 appeal; the administrative judge in the 0244 appeal discussed this issue in his analysis of the overpayment issue; the administrative judge's determination concerning the original disability annuity calculation was necessary to the resulting judgment in the 0244 appeal, which was affirmed by the Federal Circuit; and the appellant had a full and fair opportunity to litigate this issue as a party in the prior appeal. IAF, Tab 24 at 8-9.

<u>The appellant's remaining arguments on review are without merit.</u>

The appellant argues on review that the administrative judge improperly denied her request to call the agency representative as a witness, which she alleges prejudiced her ability to meet her burden of proof regarding her retirement benefits. PFR File, Tab 1 at 4-5. Her challenge to the administrative judge's evidentiary ruling is unpersuasive. An administrative judge has wide discretion

to control the proceedings, including the authority to exclude testimony and evidence she believes would be irrelevant or immaterial. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). The Board has found that to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that the administrative judge disallowed a relevant witness or evidence that could have affected the outcome. *Id.* During the prehearing conference, the appellant stated that she sought the testimony of the agency representative to address the reasons why the agency raised the Social Security overpayment issue in the prior appeal and to ask questions concerning the collection of the overpayment debt. IAF, Tab 34 at 3. The administrative judge properly found that the proposed testimony was not relevant to the age 62 recomputation and alleged due process violation. *Id*. Although the appellant identifies on review additional areas of testimony that she would have sought from the agency representative during the hearing, PFR File, Tab 1 at 4-5, these questions concern the agency's original calculation of her annuity, which was not properly before the administrative judge for the reasons described above.

The appellant also argues that the administrative judge erred by not considering OPM's reconsideration decision on the age 62 recomputation as a new appeal. *Id.* at 2-3. However, the appellant has failed to articulate any prejudice or harm that she suffered by the administrative judge's decision to include OPM's reconsideration decision as a submission in this matter. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Finally, the appellant requests that the Board reopen her prior appeal, *Lua v. Office of Personnel Management*, MSPB Docket No. SF-0842-14-0650-I-1. PFR File, Tab 1 at 5. The Board's September 15, 2004 Final Order in the 0650 appeal included a specific statement that it represented the Board's final decision

in that matter and apprised the appellant of her further review rights. The Board's regulations do not provide for the appellant's request for review of the Board's final decision in that matter. Therefore, there is no further right of review of the 0650 final decision by the Board.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.